This was an action brought by Crutch-field against Roe, in the County Court of Spotsylvania.
The declaration contained two counts :— the first charged the defendant as the remote assignor of a bond which had been prosecuted to a judgment against the obligor, an execution issued on the judgment, and a return of “no effects” thereon by the sheriff; in which count there is a profert of the record and proceedings in the suit against the obligor: the second count was for money had and received.
*The record then states, that the defendant took an imparlance, and at the Court, when the cause is stated to have been tried, “until which day the same was from time to time continued,” it is stated, “the parties came by their attor-nies, and the defendant by his attorney demurs to the plaintiff’s declaration, and the plaintiff by his attorney joins in the said demurrer, and thereupon the defendant’s demurrer to the plaintiff’s declaration being *167 argued and overruled, it was ordered that a writ of inquiry of damages be executed.” Whereupon came a Jury, &c. who found a verdict for the plaintiff for 3S7 dollars 80 cents; and judgment was rendered for the same, with costs. The defendant appealed to the District Court of Fredericksburg, and the judgment having been there affirmed, took a second appeal to this Court.
Williams, for the appellant. The grounds upon which X expect the judgment must be reversed, are these: 1st. That the County Court ought to have sustained the demurrer as to the first count, even if the second count had been good, and a judgment could have been given upon it; and the writ of inquiry should have been awarded only as to that count; 2dly. That it being on a demurrer, and one count faulty, judgment ought to have been given for the defendant.
There can be no question but that the first count was bad, because an action could not be maintained against a remote assignor of a bond. (1) This point has been fully settled by this Court. The rule at common law is, that if there be two or more counts in a declaration, and one be faulty, judgment for the whole shall be arrested, (a) In this case, the Court overruled the demurrer as to both counts, and gave judgment upon the entire declaration.
If the defendant had been before the Jury upon a plea, he might have moved the Court to strike out the count which was faulty, but damages having been assessed upon a writ of inquiry, he was to be regarded as not in Court.
If these positions be correct, it follows, as a necessary consequence, that the judgment must be reversed; for a judgment (being an entire thing) must be affirmed in toto, or reversed; it cannot be affirmed in part and reversed in part.
*Rañdolph, for the appellee, said that he did not mean to impugn the doctrine that an action could not be sustained against a remote indorser; but it was unnecessary to consider that point, in deciding upon the present case. He contended, however, that there was a sufficient consideration to support the express assumpsit laid in the first count. The appellant, though not immediately, was ultimately liable as indorser; for, if all the intermediate indorsers were insolvent, equity, which abhors circuity of action, would give a decree against him in the first instance. Wherever the consideration is legal, equitable or moral, it is sufficient to found an assumpsit. If a person shall be satisfied that he will be ultimately compelled to pay a sum of money, will not his express promise bind him both in law and equity?
But it is really unimportant whether the first count be considered good or bad: for the law, upon the whole case, is directly opposite to what is contended for by Mr. Williams.
The most valuable book lately published, Saunders’s Reports, edited by Williams, expressly lays it down, “that if there are several counts in the same declaration, some good and some bad, and the defendant demurs generally to the whole declaration, the plaintiff shall have judgment for so much as is good.” (b) This is the general law now practised upon, both in England and this country, (c)
JUDGE TUCKER
asked Mr. Randolph whether he had examined the case of The Duke of Bedford v. Allcocke, (d) and the opinion of Eee, Chief Justice, delivered in that case, (e)
Randolph. After such a respectable authority as Saunders, edited by Williams, I deemed it unnecessary to look into any others.
It is said by Mr. Williams, that the defendant had no opportunity to except to the bad count, because the Jury were sworn on a writ of inquiry. I do not admit that either count was bad. But it may be asked, why was the defendant in this situation? he throws away the right of defence by his pleading, and then, very modestly, asks the Court to reverse the judgment, merely because he had not availed himself of every advantage which he might have resorted to if he had sought it in time. If we required the aid of the statute of Jeofails, it would be abundantly sufficient, (f) But the case is clearly with the appellee, on common law principles.
'’’Williams, in reply. The rule of law is admitted by Mr. Randolph, that an action will not lie against a remote indorser; but he says there was a sufficient consideration to support the express as-sumpsit charged in the declaration. If he had looked into the declaration, he would have found that there was only an implied assumpsit. The consideration must be good and valuable in law to support even an express assumpsit. But the rule of law, in cases of this kind, is, that the party is bound as indorser, merely on account of the privity between him and the next immediate indorsee. The supposed liability of the' appellant as indorser, in this form of action,, from its analogy to proceedings in equity, will not hold. If a bill in equity had been brought, it might have appeared that Roe had received no consideration from the person to whom he indorsed, and, therefore, he would not have been liable in equity.
If the County Court had given judgment for the demurrant on the first count, their decision would have been correct; and the defendant might then have moved the Court to reject the evidence as inapplicable to the second count. But the judgment of the Court was, that the whole declaration was good. This was clearly an erroneous opinion.
The rule from Saunders is confined to those cases where there are different breaches assigned in an action of covenant: in such cases the Court will give damages so far as the declaration is good, and the breaches are well assigned.
*168 The act of Jeofails referred to by Mr. Randolph, only applies to cases where the parties are at issue before the Jury, and not to judgments by default, or on inquiry of damages after a demurrer overruled.
The case from Wilson does not apply to the circumstances of this case. All the other cases go to say, that judgment shall be given for the demurrant as to the bad count. But here the Court gave judgment-that both counts were good, and executed a writ of inquiry as to the whole.
Monday, June 29. The Judges delivered their opinions.
JUDGE TUCKER.
Crutchfield brought an action on the case against Roe, on a sealed note, assigned by Welch to Roe, by him to Lee, and by Lee to Crutchfield, and declared upon it accordinglj'; and added a second count for money had and received to the plaintiff’s use. The defendant ^demurred generally to the declaration, and the plaintiff joined in demurrer: the Court gave judgment for the plaintiff on the demurrer, and awarded a writ of inquiry which was executed, and damages accordingly. No bill of exceptions or demurrer to evidence, nor motion to instruct the Jury to disregard the first count as faultjq (a) appears to have been made when the writ of inquiry was executed.
There are two questions in this case. Eirst, whether the Court decided properly upon the demurrer. As a defendant may demur to one count in a declaration, and plead to another, because separate counts are regarded as several declarations, (b) So where there are two counts, one of which is confessedly good, if, instead of pleading to it, and demurring to the other, as he might, he prefers to question the goodness of both, by a general demurrer, he ought not to invalidate that which is good because the other may happen to be bad. On the contrary, having unnecessarily demurred to that which is good, he ought to have judgment against him, as to that; provided both counts can properly be joined in the same action, as there can be no doubt the two counts in this declaration may. And so it was expressly decided in the Duke of Bedford v. Allcocke(c) — in which case there were three counts, two of which were objected to as faulty, by a general demurrer. But the Court said they might all three be joined, and one of them was good, and therefore they gave judgment for the plaintiff, “non constat but that upon a trial the plaintiff might be able to prove that count, and might take a verdict for the same, though the other counts should be bad, and therefore they gave no opinion as to those counts,” this case is so far perfectly like the case before us.
The second point is, whether, if one of these counts be bad, the defendant can now avail himself of it. If upon the trial he had tendered a bill of exceptions, whereby it had appeared, that no evidence whatsoever was given upon the second count, except such as might have been sufficient to maintain the first count, if good, or if he had demurred to the evidence, and thereby shewn the same thing in effect; or if, (as I am inclined to think he might,) notwithstanding the judgment on the demurrer, he had applied to the Court to instruct the Jury to disregard the count, which he supposed to be faulty, so as to shut out the evidence upon that count; in either of these cases, he might, if the damages were assessed generally, have availed *himself of the error in the first count, as was done in the case of Hooe v. Wilson, where it appeared by the bill of exceptions that the same evidence was produced in support of both counts, to the first only of which the evidence applied, and therefore there was no separate evidence to the second count. But the defendant having neglected to take any of these steps upon the execution of the writ of inquiry, we may say in the words of the Court of K. B. non con-stat, but that the plaintiff did prove the count for money had and received, by other evidence than that which he offered to prove the first count. And, since that is the case, the act of Jeofails(d) does, in my opinion, make the verdict good. I am therefore for affirming the judgment.
JUDGE ROANE.
Insthe case of Grant v. Astle(e) the Court of King’s Bench, while they admitted it to be a settled rule, that where there are general counts, and entire damages are given, and one count is bad, and the others not, this shall be fatal; lamented that so inconvenient and unfounded a rule should ever have been established: and that, upon the fictitious reasoning, that the Jurj' has assessed damages on all, though in truth they never thought of different counts; that what makes the rule appear more absurd, is, that it does not hold in criminal prosecutions; and that in civil cases the Court has gone as far as it can, (the rule being settled,) by allowing verdicts in such cases to be amended by the Judges’ notes. This decision took place in that country in 1781, and being followed up by similar decisions here, produced the provision on this subject in our act of Jeofails. That act should certainly receive a liberal construction in order to get rid of the absurd and inconvenient rule above mentioned. By the 27th section of the statute of Jeofails, (f) on a general demurrer joined to the declaration, the Court must not regard any defect or imperfection therein, unless something so essential to the action as that judgment according to law and the very right of the case cannot be given, be omitted. This section applying to a declaration with a single count, part of which is faulty, certainly applies with peculiar force in favour of a declaration, which however faulty, as to one count, has another, perfectly legal, both in form and substance. The judgment of the County Court overruling the demurrer in the present case was therefore perfectly correct. Under our acts of Assembly, the case is clear for the appellee; *and perhaps also under the English decisions as appears by the case in 1 Wilson, 252, before stated.
*169 I am of opinion that the judgment should •be affirmed.
JUDGE FEEMING.
This appears to me a very plain case, and the law seems against ■the appellant on two grounds: 1st. By our ■act of Assembly for limitation ot actions, &c. sect. 27, (a) it is declared that, “where a demurrer shall be joined in any action, the Court shall not regard any other defect or imperfection in the writ, return, declaration, or pleading, than what shall be specially alleged in the demurrer, as causes thereof, unless something so essential to the action or defence, as that judgment, according to law, and the very right of the cause, cannot be given, shall be omitted.”
This being a general demurrer, nothing special being stated as a cause thereof, and there being sufficient stated in the declaration to support the action, it comes expressly within the provision of the act.
2d. If we recur to the English law, it is there decided, in the case of the Duke of Bedford v. Allcocke, (b) that if one count in a declaration be good, though all the rest be bad, there shall be judgment for the plaintiff upon a general demurrer to the whole.
I therefore concur in the opinion that the judgment ought to be affirmed.
JUDGE EYOHS.
On a general demurrer the party may avail himself of every advantage which he might take on a motion in arrest of judgment, and no other. If there be defects in the process or pleadings they should be noticed by a special demurrer; as the Court cannot regard any defects of that kind, after demurrer joined in any action, other than what shall be specially alleged as cause of demurrer, unless something shall have been omitted so essential to the action or defence, as that judgment according to law and the very right of the case cannot be given, (c)
“Where there are several counts one of which is faulty, and entire damages are given, the verdict shall be good; but the defendant may apply to the Court to instruct the Jury to disregard such faulty count.”(d) This law was made to prevent motions in arrest of judgment; and the defendant should have taken advantage of the defect in the way authorised by it; but, not having done so, he is bound by the verdict and judgment, *which is not now to be arrested. The case before us is expressly within the principle of our law, and the case of the Duke of Bedford v. Allcocke, (e) which was cited by the Judge, who first delivered his opinion.
I therefore concur in the opinion expressed by all the other Judges, that the judgment be affirmed.

 Note. See the acts of 1800, c. 28, s. 3, where the law on this subj ect is altered.

 2 Lord Raym. 825, Williams v. Cutting, 5 Bac. Abr. Gwil. ed. 329, 330.

 1 Saund. 286, note (9); Duppa v. Mayo. 2 Saund. 380, note (It); Pickney v. Inhabitants of Bast Hundred.

 5 Bac. Abr. Gwil. ed. 349, 461; 5 Com. Digt 485; 1 Bos. & Pull. New Rep. 43, Judin v. Samuel.

 1 Wilson, 248.

 Ibid. 253.

 See Rev. Code, vol. 1, c. 76. s. 38, p. 112.

 See L. V. 1794, c. 76, s. 38.

 4 Bac. Ahr. 130. old ed.

 1 Wilson, 252, 253.

a) L. V. 1794, c. 76, s. 38.

 Dong'. 730.

 Rev. Code, vol. 1, p. 112.

 Rev. Code, 1 vol. p. 112. c. 76, s. 27.

 1 Wilson, 252.

 See Rev. Code. vol. 1, c. 76, s. 27, p. 112.

 Ibid. s. 38.

 1 Wilson, 252.